FILED
United States Court of Appeals
Tenth Circuit

December 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TWILA GAFF,

       Plaintiff-Appellant,

v.

ST. MARY'S REGIONAL MEDICAL
CENTER,

       Defendant-Appellee.

No. 12-6064
(D.C. No. 5:10-CV-00926-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **ANDERSON**, and **EBEL**, Circuit Judges.

Twila Gaff was a nurse at St. Mary's Regional Medical Center until she hinted

to a fellow coworker she had a mind to shoot him with her .357 revolver. After her

supervisors found out, Ms. Gaff protested that she was the real victim. She recounted

how the coworker, Cecil Nelson, that same day hurtfully joked that her husband was

---

[*] After examining the briefs and record, this panel has unanimously to
grant the parties' request for a decision on the briefs without oral argument. *See*
Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

leaving her for another woman. It was only in response to this provocation, she says, that she spoke of guns and shootings. She explained, too, that during their time working together, Mr. Nelson was a little too friendly and smiled and stared at her a little too much. To top it off, she says Mr. Nelson at one point remarked, "All you need is a good f[---]." Whether Ms. Gaff's supervisors believed her story or not, they didn't think it excused her behavior. They fired her all the same for making a threat of violence against another employee.

Suspecting that she was really fired for reporting Mr. Nelson's boorish behavior on a previous occasion, she brought a Title VII suit against St. Mary's in federal district court. She alleged that she was subject to a hostile work environment and fired for opposing discrimination. *See* 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a). The district court, however, held that Mr. Nelson's behavior was "[n]either severe enough [n]or pervasive enough to give rise to a hostile work environment claim." *Gaff v. St. Mary's Reg'l Med. Ctr.*, No. 5:10-CV-00926-C, 2012 WL 163878, at *2 (W.D. Okla. Jan. 19, 2012). It also held that Ms. Gaff couldn't succeed on her retaliatory discharge claim because she lacked any evidence that St. Mary's proffered reason for firing her — her threat of violence against Mr. Nelson — was pretext for retaliation. *Id.* at *5.

We discern no error in this disposition. Title VII's hostile-work-environment doctrine protects against severe or pervasive sexual harassment. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998). "An employer creates a

hostile work environment when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012) (internal quotation marks omitted). Title VII, however, does not create a "general civility code." *Oncale*, 523 U.S. at 81. "[R]un-of-the mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Morris*, 666 F.3d at 664. To discern the difference, we look among other things to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotation marks omitted).

In this case, the record is replete with evidence Mr. Nelson conducted himself immaturely. But it also shows that Ms. Gaff was Mr. Nelson's superior, not the other way around; that Mr. Nelson had no authority over her; and that he never interfered in any way with her work performance. It shows, too, that by Ms. Gaff's own admission most of Mr. Nelson's conduct would not have offended anyone else. And it shows what offensive remarks there were, were isolated: Ms. Gaff, for example, can point to only one instance of Mr. Nelson's making a sexually explicit comment. Given these circumstances, the district court correctly held that, under the precedents of both the Supreme Court and this court, a hostile work environment claim will not

lie. *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("A recurring point in [the Supreme Court's hostile-work-environment] opinions is that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (citation omitted) (internal quotation marks omitted)); *see also Oncale*, 523 U.S. at 81; *Morris*, 666 F.3d at 664; *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 851 (10th Cir. 2007).

Alternatively, Ms. Gaff maintains St. Mary's unlawfully retaliated against her for reporting Mr. Nelson's behavior. Even if Mr. Nelson's behavior didn't violate Title VII, she says, she believed in good faith it did. And, she says, such a belief is enough to entitle her to relief under Title VII's anti-retaliation provision. But Ms. Gaff misstates the law. Our precedents don't permit a retaliation claim to be "based on an *unreasonable* good-faith belief that the underlying conduct violated Title VII." *Crumpacker v. Kan. Dep't of Human Res.*, 338 F.3d 1163, 1171 (10th Cir. 2003) (emphasis added). The belief must be reasonable. *Fischer v. Forestwood Co.*, 525 F.3d 972, 979 n.3 (10th Cir. 2008). And for the same reasons Ms. Gaff wasn't subjected to a hostile work environment, it wasn't reasonable for her to believe she was. Title VII protects against unlawful discrimination, not "simple teasing, offhand comments, and isolated incidents." *Faragher*, 524 U.S. at 788 (citation omitted) (internal quotation marks omitted).

Even beyond that problem, another one exists for Ms. Gaff's retaliation claim. St. Mary's offered a legitimate, non-retaliatory reason for firing her — her threat of violence against a fellow employee — and Ms. Gaff offers no evidence suggesting this reason was pretextual. She admits Mr. Nelson's rumor upset her and that she responded by saying she owned a gun and knew how to use it. She admits saying that Mr. Nelson's wisecrack was "the kind of joke that can get someone shot" — or that "people who make remarks about other people's marriages sometimes get shot." All of this, of course, only tends to underscore, not undermine, St. Mary's (non-discriminatory) stated cause for concern.

The judgment of the district court is affirmed.

Entered for the Court

Neil M. Gorsuch
Circuit Judge

- 5 -